IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| K-Beech, Inc., | Case No. 3:11-cv-00357-MOC-DCK |
| Plaintiff, | |
| v. | |
| JOHN DOES 1-29, | |
| Defendants. | |

**PLAINTIFF'S MOTION TO STRIKE PUTATIVE JOHN DOE'S MOTION TO DISMISS, AND ALTERNATIVE MEMORANDUM IN OPPOSITION**

### I. MOTION TO STRIKE FRAUDULENT MOTION

Putative John Doe's motion should be stricken because it is obviously fraudulent and violates several provisions of Rule 11. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure "every written motion, and other paper must be signed … by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number…The court must strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention." Significantly, on the first page, the putative Doe claims Plaintiff sent him or her a demand letter. Plaintiff has not sent any demand letters. Consequently, not only is this motion fraudulent, it is highly suspect whether this particular putative Doe is really a Doe or merely an interloping intermeddler.

Additionally, unless a particular Doe calls Plaintiff, Plaintiff does not learn the names of movants until a court rules on the motion. Accordingly, all assertions regarding Plaintiff's efforts to contact Doe Defendants in the subject motion and similar motions should be stricken as hearsay because these statements are based on information from third parties who were sued in other cases – none of which involve Plaintiff and all which are being offered to prove Plaintiff is improperly using the Court system for the purpose of harassing the Defendant in violation of Rule 11.

1

Plaintiff does attempt to settle disputes early in the litigation process. And, its efforts toward that end are consistent with our national public policy favoring resolutions through settlements as explained by the Supreme Court in Marek v. Chesny 473 U.S. 1, 11 (1985) holding "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." Further, Plaintiff has a First Amendment right under the petition clause to make the demand. See Sosa v. DirectTV, 437 F. 3d 923, 937 (9th Cir. 2006) (holding "the protections of the Petition Clause extend to settlement demands as a class," including those made during and prior to a suit.) Significantly, any Defendant that definitely asserts that he or she is not interested discussing a potential settlement is advised that any such decision is his or her absolute right and that Plaintiff will proceed with the litigation against them. As should be clear, the putative Doe here and others like him or her are merely attempting to divert attention from their digital theft by claiming that Plaintiff is improperly holding them to account. These arguments have no bases in law, fact or equity and should be disregarded for that reason.

Since the putative Doe did not identify himself or herself, it is impossible to even serve the anonymous putative Doe Defendant with a Rule 11 motion and thereby comply with Rule 11's safe harbor provision, which Plaintiff would do here, because this putative Doe's motion is clearly fraudulent. As the Court is fully aware, the proper procedure for a party that desires to proceed anonymously is to file a motion to do so. See, e.g., Doe v. Megless, 654 F.3d 404, 408 (3d Cir.2011) (citing a long list of examples where movants have been allowed to proceed anonymously). Since it is not Plaintiff's purpose to embarrass any of the Defendants, but instead seek redress for the infringement of its copyright, Plaintiff would not likely contest any such motion. Consistent with the foregoing, Plaintiff has the absolute right to know who is filing motions in the cases that it is litigating. See Judge Howell's order in Voltage v Does 1-5000, 10-

2

cv-00873-BAH, (D.D.C. 2011), attached as Exhibit "A," which explains in detail why movants in BitTorrent copyright infringement litigations must identify themselves pursuant to the Federal Rules of Civil Procedure and the Code of Judicial Conduct for United States Judges.

For the foregoing reasons, Plaintiff respectfully requests that this Court strike the subject motion and enter any other order that it deems just and proper regarding the filing of anonymous motions.

## II. MEMORANDUM IN OPPOSITION -- INTRODUCTION

This Court's decision will become widely cited precedent that will affect the rights of copyright holders across all segments of society. "[T]he putative defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to the plaintiffs' allegations or assert a defence. The defendants may be able to demonstrate prejudice [after being named], but they cannot. . . before that time." Call of the Wild v. Does 1-1062, 770 F.Supp.2d 332, 344 (D.D.C. 2011). For this reason, "the overwhelming majority of courts have denied as premature motions to sever prior to discovery." First Time Videos, LLC v. Does 1-76, 2011 WL 3586245 (N.D. IL 2011) (citing a long list of cases holding joinder is proper). Here, a ruling that conclusively establishes that motions to quash will be denied, will deter John Doe and other similar movants' from filing motions with an improper purpose. Toward that end, the Court in Voltage Pictures, LLC v. Vazquez, 2011 WL 5006942 (D.D.C. 2011) held last week that a Doe Defendant does not have "a sufficiently protectable legally cognizable interest in the litigation" prior to being named in a joined BitTorrent copyright infringement suit to file a motion. A similar definitive ruling here will deter motions, such as the one here, which are clearly filed with the improper purpose of needlessly increasing the cost of litigation in violation of Rule 11.

3

Oddly, John Doe accuses Plaintiff of an improper purpose for not doing that which Circuit courts have held is sanctionable. See De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1076 (9th Cir. 2011) (finding that "there appears to be no legitimate reason for the filing of nine individual actions rather than a single action naming nine Defendants.") Further, the De Dios Court held that sanctions in the form of attorneys' fees were warranted because "Plaintiffs' counsel unnecessarily multiplied the costs of litigation and the burden on the Court." Id.

As Plaintiff has explained in previous memoranda, throughout this year, in a series of decisions, Courts across the country have developed a rule permitting joinder in BitTorrent cases where, as here, (1) the complaint clearly explains how BitTorrent works through a series of transactions, (2) all of the defendants live in the district (eliminating long-arm issues and venue), (3) all of the defendants were part of the exact same swarm of peer infringers as evidenced by a unique cryptographic hash value,[1] and (4) Plaintiff pled that the Defendants' are contributorily liable for each others' infringement.

## II. ARGUMENT

### A. Plaintiff Properly Pled Joinder

#### 1. The Infringement Occurred Through A Series of Transactions

##### i. The Logical Relationship Test

"In construing the Federal Rules of Civil Procedure, " 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.' " John S. Clark Co., Inc. v. Travelers Indem. Co. of

---

[1] As alleged in the Complaint, Plaintiff's movie was processed by a BitTorrent Client, (a BitTorrent software program) which generated a torrent file. Plaintiff's investigators use the hash value as a digital fingerprint that enables Plaintiff to ensure that all of the infringements alleged in this suit arise from the exact same unique copy of Plaintiff's movie as evidenced by the cryptographic hash value. Significantly, many of Plaintiff's movies have been initially seeded several times. Each seeding produces its own independent swarm. Here, Plaintiff has only sued Defendants in the exact same swarm.

4

Illinois, 359 F.Supp.2d 429, 438 (M.D.N.C. 2004), citing King v. Ralston Purina Co., 97 F.R.D. 477, 479-80 (W.D.N.C. 1983). "Fed.R.Civ.P. 20(a) requirement that claims asserted against joined parties arise out of the same transaction or occurrence " 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.' " Id., citing, Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983). "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Id. "An absolute identity of all events is not necessary for permissive joinder and courts must construe Fed.R.Civ.P. 20(a) in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Id. See also Rumbaugh v. Winifrede R.R. Co., 331 F.2d 520, 527 (4th Cir. 1964) (stating that Rule 20(a) serves "the salutary principles of avoiding a multiplicity of suits and expediting the final determination of litigation").

In Call of the Wild, the Court held that claims are a series of transactions or occurrences within the meaning of Rule 20(a)(1) because they are logically related:

> [T]he plaintiffs allege that the BitTorrent file-sharing protocol "makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file." Amended Compl., *Wild,* ¶ 3, ECF No. 6. The plaintiffs further assert that the "nature of a BitTorrent protocol [is that] any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file." *Id.* at ¶ 4. <u>Based on these allegations, the plaintiffs' claims against the defendants are logically related.</u> [Underlining added.]

Call of the Wild, 770 F.Supp.2d at 343.

### B. The Cases Cited by the Doe Defendant Use the Wrong Legal Standard

The cases upon which John Doe relied did not employ the correct standard for determining when there is a series of transactions. Instead, these cases would require that all the Defendants

5

were in a BitTorrent swarm at the exact same time. This rationale reads out of Rule 20 the "series of transactions" language and is legally inconsistent with this Court's decisional authority. Further, John Doe failed to inform this Court that the Northern District of California has expressly rejected in its last six opinions discussing the issue the very same rationale John Doe cited from an earlier Northern District of California case, by holding:

> While this period might seem protracted, such time periods can be somewhat arbitrary in BitTorrent-based cases as long as the alleged defendants participate in the same swarm, downloading and uploading the same file. * * * [E]ven after a Doe Defendant disconnects from the swarm, the parts of the file that he downloaded and uploaded will continue to be transferred to other Doe Defendants remaining in the swarm. Id. ¶ 12.

Pacific Century Intern., Ltd. v. Does 1-48, 2011 WL 5117424*6 (N.D. Cal. 2011). Accord, Patrick Collins v. Does 1-2590, 2011 WL 4407172 (N.D. Cal. 2011); MCGIP, LLC v. Does 1–149, 2011 WL 3607666, at 3 (N.D.Cal. 2011); New Sensations, Inc. v. Does 1-1,474, 2011 WL 4407222, (N.D.Cal. 2011); Hard Drive Productions, Inc. v. Does 1–46, 2011 U.S. Dist. LEXIS 67314 (N.D. Cal. 2011) New Sensations, Inc. v. Does 1745, 2011 WL 2837610 (N.D. Cal. 2011) – which all use the logical relationship test.

### 1. Here, Plaintiff Properly Pled a Series of Transactions

Pursuant to Fed. R. Civ. P. 8, under the notice pleading standard, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). Additionally, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the Complaint." Id. at 94. Plaintiff's Complaint easily satisfies Rule 8's requirement to give Defendants notice that Plaintiff is asserting that Defendants acted together in the same transaction or through a series of transactions:

29. The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyright Movie/Work, to the peers seeking to download the computer file.

30. Once a peer receives a piece of the computer file, here a piece of the copyrighted Movie/Work, it starts transmitting that piece to the other peers.

31. In this way, all of the peers and seeders are working together in what is a called a "swarm."

33. In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Movie/Work here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Movie/Work to each of the peers. The recipient peers then automatically begin delivering the pieces they just received to the other peers in the same swarm.

* * *

38. [Plaintiff's investigator] IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transaction and the IP addresses associated therewith for the file identified by the SHA-1 hash value of [it is set forth in the applicable Complaint] (the "Unique Hash Number").

39. The IP addresses, Unique Hash Number and hit dates contained within Exhibit A accurately reflect what is contained in the evidence logs, and show:

(A) Each Defendant had copied a piece or pieces of Plaintiff's copyrighted Movie/Work identified by the Unique Hash Number and was simultaneously distributing that piece or pieces to the other Defendants who, in turn, were copying and distributing that piece and other pieces thereof for distribution to the other Defendants; and

(B) Therefore, each Defendant acted in concert with the Defendants and was part of the same series of transactions which, taken together, resulted in the copying and distribution of complete copies of Plaintiff's work.

While the logical relationship test does not require it, should this matter go trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the

7

algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### 2. There Are Common Issues of Fact and Law

"Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact." <u>Call of the Wild</u>, 770 F.Supp.2d at at 343. "The plaintiffs meet this requirement." <u>Id.</u> "In each case, the plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." <u>Id.</u> The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." <u>Id.</u>

### 3. The Cases Relied Upon By John Doe Are Unpublished *Sua Sponte* Decisions

Defendant relies heavily on an unpublished order from the Eastern District of Pennsylvania in <u>K-Beech, Inc., v. John Does 1-78</u>, Case 5:11-cv-05060. In this case, the order was entered *sua sponte* without Plaintiff being afforded the opportunity to brief the issue, leaving the court unaware of the overwhelming amount of decisional authority that supports joinder in BitTorrent cases. Significantly, Plaintiff could cite to scores of unpublished orders holding joinder is proper. Indeed, out of the 45 cases it is currently litigating, the overwhelming majority courts have been permitted the cases to remain joined, and only one court has severed a case after was initially allowed to brief the issue. Defendant's motion also cites several cases litigated by another attorney Steele Hansmeier with whom neither Plaintiff nor undersigned have any relationship. Joinder was held improper in many of Mr. Hansmeier's early cases because these cases were either formed incorrectly (he failed to use geolocation software to ensure that

8

jurisdiction and venue are correct) or because he incorrectly combined multiple movies or swarms into one case. This case does not suffer from any of these infirmities.

Defendant's citation to <u>LaFace Records v. Does 1-38,</u> 2008 WL 544992 (E.D.N.C. 2008) is also misplaced. In <u>LaFace,</u> eleven recording studios sued over dozens of copyrights. The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol. Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to one computer and gets the whole file. Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent. And, Plaintiff alleged that the Defendants were distributing the pieces to each other. Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other. Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for the infringement of each of the other Defendants. This is yet another basis to hold that joinder is proper.

Defendant additionally refers to the opinion of the Honorable Judge John Gibney, Jr. in the U.S. District Court for the Eastern District of Virginia. The case, <u>K-Beech. Inc., v. John Does 1-85,</u> Case No. 3:11-cv-00469 (E.D. Va. 2011) was one of three cases brought by Patrick Collins, Raw and K-Beech through the same counsel that were decided *sua sponte* by Judge Gibney without Plaintiffs being afforded the opportunity to brief the issue. At the time this decision was made, the Virginia judge was unaware of any of the myriad of cases that hold joinder is proper as evidenced by his finding pursuant to Rule 11 that "the joinder of unrelated defendants does not seem to be warranted by existing law." <u>Id</u>. at *5. As later explained to Judge Gibney, Patrick Collins, Inc. had already won the joinder argument in that district after two hearings and two full sets of briefs. <u>See</u> <u>Patrick Collins, Inc. v. Does 1-35</u>, 11-cv-00406 (E.D. VA 2011) (Dkt. 15): "[w]ithout prejudice to the ability of any defendant or third party to raise the joinder issue later in

9

this litigation, the court finds on the present record that plaintiff has shown proper joinder of these putative defendants *prima facie*. That concern having been satisfied, the court follows the weight of authority in finding plaintiff is entitled to discovery at this stage to determine the identities of John Doe Defendants." After being presented with the overwhelming amount of authority holding joinder is proper, Judge Gibney entered an order finding that pleading joinder is proper in BitTorrent cases is not sanctionable under Rule 11.

### 4. The Cases Upon Which Defendant Relies Have Been Expressly Distinguished In Such a Way As to Make Joinder Proper Here

Defendant conveniently fails to inform the Court six out of seven of the latest Northern District of California decisions have held that joinder was proper. In these six cases the Court expressly distinguished the District's prior decisions, upon which John Doe relied. See e.g. Patrick Collins v. Does 1-2590, 2011 WL 4407172 (N.D. Cal. 2011), noting that "[r]ecently, courts in this District . . . have come to varying decisions about the proprietary of joining multiple defendants in BitTorrent infringement cases" and finding:

> This Court has carefully reviewed such decisions and notes that they are highly dependent on the information the plaintiff presented regarding the nature of the BitTorrent file-sharing protocol and the specificity of the allegations regarding the Doe defendants' alleged infringement of the protected work. Both of these factors guide the Court's joinder analysis . . . [in concluding joinder is proper].

See also, New Sensations, Inc. v. Does 1-1,474, 2011 WL 4407222, (N.D.Cal. 2011) (same.) Accord Hard Drive Productions, Inc. v. Does 1–46, 2011 U.S. Dist. LEXIS 67314 (N.D. Cal. 2011) (same); New Sensations, Inc. v. Does 1745, 2011 WL 2837610 (N.D. Cal. 2011) (same, and opining "Judge Howell of the D.C. Circuit has repeatedly held that in infringement actions" joinder is proper "[h]is analysis makes sense.")[2]

---

[2] See Pacific Century Intern v. Does 1-43, 2011 WL 472543 (N.D. Cal. 2011) (a poorly reasoned opinion holding that if Plaintiff admits additional discovery is needed to proceed against the correct person then joinder is improper.) Cf Liberty Media Holdings, LLC v. Swarm of November 16, 2010, 2011 WL 1597495 (S.D.Cal. 2011) (holding a claim

10

Defendant also relies on cases which cannot be found on Westlaw from Illinois suing the search terms BitTorrent and joinder. There are only four decisions that come up using Westlaw and these; they are: Hard Drive v. Does 1-55, 2011 WL 4889094, (N.D.Ill 2011); First Time Videos, LLC v. Does 1-76, 2011 WL 3586245 (N.D.Ill. 2011); First Time Videos, LLC v. Does 1-500, 2011 WL 3498227 (N.D.Ill. 2011); MGCIP v. Does 1-316, 2011 WL 2292958 (N.D. Ill. 2011). All four Illinois decisions held joinder is proper and expressly distinguish the prior Illinois decisions, relied upon by John Doe, on the exact same basis as did the California courts.

### 5. Doe Incorrectly Describes the Colorado Record

Defendant is simply wrong regarding the cases cited in Colorado. The Honorable Judge Watanabe required K-Beech to submit memoranda early in the cases regarding joinder. Since then he has let the cases proceed as joined cases for several months. Recently, at a 26(f) conference in one of the suits in which Plaintiff has served several the Defendants, the Honoral Judge Watanabe stated he was going to rule on the issue of joinder in all of the cases before him soon. Regarding the three individual cases, (K-Beech Inc., v. John Doe, 1-11-cv-02370-PAB, K-Beech Inc., v. John Doe, 1-11-cv-02371-CMA, and K-Beech Inc., v. John Doe, 1-11-cv-02372-MSK) the subject Does moved to sever. These motions are clearly filed for an improper purpose under Rule 11. To explain, the movants are not seriously contending at this stage of the litigation that they are prejudiced by being joined together in one suit. Instead, they are attempting to cause Plaintiff to incur litigation and filing fees in the hope that they will win not on the merits but by making the process too expensive for Plaintiff to pursue. With this in mind, the Does in these individual suits were voluntarily dismissed by Plaintiff who then immediately re-sued them in individual suits. This was strategic insofar as to demonstrate the lack of sincerity in these motions. This strategy worked with several of the largest defense counsel in the country who

---

for negligently letting others to use your internet could withstand a motion to dismiss). Here, Plaintiff intends to pursue each Doe Defendant.

admitted to Plaintiff that their clients do not really want to be sued individually. Consequently, these counsel have agreed with Plaintiff not to file these disingenuous motions.

### C. The Overwhelming Majority of Courts Properly Permit Joinder

Plaintiff has explained this decisional authority in several other memoranda filed in oppositions to similar motions that have been filed in this case. While not a complete list of the cases on Westlaw hold joinder is proper, the following cases do so hold. DigitProtect USA Corp. v. Does, 2011 WL 4444666 (S.D.N.Y. 2011); Patrick Collins v. John Does 1-9, 11-cv-01269 (S.D.N.Y. 2011); First Time Videos, LLC v. Does 1-76, 2011 WL 3586245 (N.D. IL 2011); Patrick Collins, Inc. v. John Does 1-2590, 2011WL 4407172, * 6 (N.D. Cal. 2011); NuImage, Inc. v. Does 1-22,322, 2011 WL 3240562 (D.D.C. 2011); West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011); Call of the Wild v. Does 1-331, 274 F.R.D. 334 (D.D.C. 2011); Maverick Entertainment Group, Inc. v. Does 1-2115, 2011 WL 1807428 (D.D.C. 2011); Voltage Pictures, LLC v. Does 1-5000, 79 Fed.R.Serv.3d 891 (D.D.C. 2011); Donkeyball Movie, LLC v. Does 1-171, 2011 WL 1807452 (D.D.C. 2011); Camelot Distribution Group v. Does 1-1210, 2011 WL 4455249, *3 (E.D. Cal. 2011); Berlin Media Art E.K. v. Does 1-144, 2011 WL 4056167 (E.D. Cal. 2011); Liberty Media Holdings, LLC v. Does 1-62, 2011 WL 1869923 (S.D.Cal. 2011); MCGIP, LLC v. Does 1–149, 2011 WL 3607666, at 3 (N.D. Cal. 2011); New Sensations, Inc. v. Does 1-1,474, 2011 WL 4407222, (N.D. Cal. 2011); Hard Drive Productions, Inc. v. Does 1–46, 2011 U.S. Dist. LEXIS 67314 (N.D. Cal. 2011); New Sensations, Inc. v. Does 1745, 2011 WL 2837610 (N.D. Cal. 2011); Hard Drive v. Does 1-55, 2011 WL 4889094, (N.D. Ill 2011); First Time Videos, LLC v. Does 1-76, 2011 WL 3586245 (N.D. Ill. 2011); First Time Videos, LLC v. Does 1-500, 2011 WL 3498227 (N.D. Ill. 2011); MGCIP v. Does 1-316, 2011 WL 2292958 (N.D. Ill. 2011).

### D. Joinder is Required By Fed.R.Civ.P. 1

Fed.R.Civ.P. 1 requires that Courts construe the rules to secure the inexpensive determination of every action. Fed.R.Civ.P. 20, the joinder rule, has the same purpose. Since jurisdiction and venue is proper in this District, if Plaintiff is forced to proceed individually, all of these cases would be filed in this District. Plaintiff would have to file notices of related cases. Thereafter, at every stage of the process, the litigants and the Court would be faced with additional work and many of the papers would be cut and paste duplicates of each other.

### I. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: November 7, 2011

LAW OFFICE OF JAMES C. WHITE, P.C.

/s/ James C. White_____
James C. White
N.C. Bar # 31859
P.O. Box 16103
Chapel Hill, NC 27516
jimwhite@jcwhitelaw.com
(919) 313-4636
(919) 246-9113 fax

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

        I hereby certify that on November 7, 2011 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By: /s/ James C. White_____