IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv357

| | |
|---|---|
| K-BEECH, INC., | ) |
|                  Plaintiff, | ) |
| Vs. | )    ORDER |
| DOES 1-29, | ) |
|                  Defendants. | ) |

**THIS MATTER** is before the court on an anonymous John Doe defendant's Motion to Dismiss (#17). Such defendant states that the motion was filed in that manner because "I fear retaliation by Plaintiff." Id., at p. 1. Such defendant states, however, that "I have . . . received a letter from Plaintiff, as well as telephone calls trying to get me to pay them thousands of dollars to avoid being named in a Federal law suit." Id. Thus, it appears that plaintiff already knows not only such John Doe's name, but the address and home phone number of this particular defendant, making the desired anonymity of questionable value. Further, it appears that the retaliation that such John Doe fears is, in part, being sued in an individual action for copyright infringement, which is the course of action such John Doe defendant later champions as being preferable over so called "mass actions" for copyright infringement. While the court is sensitive to a *pro se* litigant's claim of retaliation, invoking the court's jurisdiction to *civilly* resolve a copyright dispute is not an act of retaliation.

In response to the Motion to Dismiss, plaintiff has filed its "Motion to Strike Putative John Doe's Motion to Dismiss, and Alternative Memorandum in Opposition" (#19).[1]

---

[1] Counsel for plaintiff is advised to review Local Civil Rule 7.1(C)(2), which provides that "**Motions Not to Be Included in Responsive Briefs.** Motions shall not be

-1-

Foremost, plaintiff has argued that the motion must be stricken because it violates Rule 11, Federal Rules of Civil Procedure. Because such motion is dispositive, the court will not reach the substantive argument concerning the merits of the Motion to Dismiss.

Fundamental to our system of justice is the constitutional requirement of a "case-or-controversy." U.S.Const. Art. III. First, federal courts are public *fora* and there is a "customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Stegall, 653 F.2d 180, 186 (5th Cir.1981). Further, Rule 10(a) provides that a complaint " the complaint must name all the parties." Fed.R.Civ.P. 10(a). While it is appropriate to name "John Doe" defendants where the plaintiff is initially uncertain of the actual name of the defending party, a presumption arises against anonymous pleading because there is "a First Amendment interest in public proceedings, and identifying the parties to an action is an important part of making it truly public." Luckett v. Beaudet, 21 F.Supp.2d 1029, 1029 (D.Minn.1998). While a party who wishes to proceed anonymously may overcome this presumption by filing a well-reasoned motion to proceed anonymously, "[i]t is the exceptional case in which a . . . [party] may proceed under a fictitious name." Doe v. Frank, 951 F.2d 320, 322 (11th Cir.1992). In the Fourth Circuit, the Court of Appeals has held that the presumption of openness applies to party identity; however, "under appropriate circumstances anonymity may, as a matter of discretion, be permitted." James v. Jacobson, 6 F.3d 233, 238 (4th Cir.1993). See also Doe v. North Carolina Central University, 1999 WL 1939248 (M.D.N.C. April 15, 1999).[2]

---

included in responsive briefs. Each motion should be set forth as a separately filed pleading." In this case, by combining a motion with a brief, the docket does not reflect that a motion has been filed.

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

In <u>James</u>, <u>supra</u>, the appellate court provided five factors for courts to consider in exercising such discretion. While this defendant has not made a motion to proceed anonymously, the only relevant factor discussed in the Motion to Dismiss appears to be "retaliation," which requires a showing that identification poses a risk of retaliatory physical or mental harm to the requesting party. As discussed above, no retaliation of such nature has been alleged.

In an abundance of caution, the court has also considered the first <u>James</u> factor, which concerns preservation of privacy in a matter of a sensitive and highly personal nature. The court does not believe that alleged unauthorized downloading of what the court assumes was a lawfully produced and distributed "adult video" falls into the category of privacy sought to be protected under <u>James</u>. Personal embarrassment alone clearly does not satisfy such factor. <u>Id.</u>, at 239. The court can find no basis for exercising its discretion in favor of allowing this defendant to appear anonymously.

The court will, therefore, turn to Rule 11, which provides the requirements for a party filing pleadings with this court, as follows:

> **(a) Signature.**
>
> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed.R.Civ.P. 11(a). Clearly, this defendant has intentionally not provided his or her real name. Further, the court finds that plaintiff's motion and memorandum has reasonably drawn such Rule 11 error to plaintiff's attention and, despite the passage of 21 days, such defendant has failed to respond in any manner or correct the error.

Finding that the Motion to Dismiss is not in compliance with Rule 11(a), the court will grant the Motion to Strike, direct the Clerk of court to strike the Motion to Dismiss, and instruct such defendant that such striking is without prejudice as to filing a new Motion to Dismiss or other pleading responsive to the Complaint so long as such is signed and contains other identifying information as required by Rule 11(a).

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Strike Putative John Doe's Motion to Dismiss (#19) is **GRANTED,** that the anonymous John Doe defendant's Motion to Dismiss (#17) is **STRICKEN** without prejudice as filed in violation of Rule 11(a), the Clerk of Court clerk is directed to designate docket no. 17 as **STRICKEN** from the record, and the anonymous John Doe defendant is advised that any further pleadings filed with this court must be filed in a manner that complies with Rule 11(a).

Signed: November 28, 2011

Max O. Cogburn Jr.
United States District Judge

-4-